# CIRCUIT COURT OF LOUDOUN COUNTY

John Rafter

v.

Rebecca Donofrio,
f/k/a Rebecca Rafter

July 17, 2000

Case No. (Chancery) 18163

BY JUDGE JAMES H. CHAMBLIN

This cause came on to be heard on July 7, 2000, on the Rule entered May 15, 2000, requiring Larry E. Becker, Esq., to show cause why he should not be held in contempt for his failure to comply with my order directing him to prepare an order reflecting my rulings at a hearing on December 20, 1999. After consideration of the evidence presented and the argument of counsel, I find Mr. Becker to be in contempt for his unjustified failure to prepare the order and see to its entry within a reasonable time after the hearing.

I feel that the appropriate sanction is for Mr. Becker to pay personally to Ms. Adler for five hours of her time at her regular hourly rate. As more fully explained later, I think that five hours would have been all the time that Ms. Adler would have needed to prepare the order and see to its entry because Mr. Becker failed to do so as I had ordered.

At the conclusion of the hearing on December 20, 1999, Mr. Becker was directed to prepare the order reflecting my rulings. Although there is no specific statute or rule on the subject of preparation of orders in civil cases, it is certainly a long standing custom, well known to all trial lawyers in Virginia, that a circuit court judge will, in almost every civil case, ask one of the attorneys involved to prepare the order reflecting the court's ruling. Judges expect the orders to be done within a reasonable time. The parties and the other attorneys expect the same.

When I practiced law, I placed the highest priority on a judge's direction to prepare a court order. Furthermore, an attorney has the ethical obligation to "act with reasonable diligence and promptness in representing a client" under Rule 1.3 (a) of the Rules of Professional Conduct.

Although I did not set a deadline for Mr. Becker to do the order, I certainly expected, and Mr. Becker should have known, that it should be done within a reasonable time. Finally, presenting a proposed order to the court on July 7, 2000, from a hearing on December 20, 1999, is certainly not within a reasonable time.

Mr. Becker testified that he told Ms. Adler, in response to her inquiries, in January and again in February, that he was working on the order. Mr. Becker denies he received a letter from Ms. Adler dated March 24, 2000, with an order she prepared, and testified that he never saw it until June 2, 2000. However, he did finally fax to her his proposed order on May 30, 2000, after he had been served with the Rule to Show Cause. Mr. Becker denies that he was served personally with the Rule, but the affidavit of the private process server states that he was served personally on May 17, 2000. Whether he was served personally or not, Mr. Becker did endorse without an objection, an agreed order reciting that he was personally served with the Rule.

The lack of a court order did cause some problems between the parties over visitation. I feel the problems were not as severe as Ms. Donofrio felt they were, but at the same time, they were not as minimal as asserted by Mr. Rafter.

Mr. Becker admits that he should have been more prompt and, correctly, did not offer an excuse that he was overworked and had difficulties dealing with Ms. Adler.

Even though Mr. Becker did not do what I directed him to do, I feel that Ms. Adler went beyond what would have been reasonably necessary to secure entry of the order. Instead of merely preparing the order herself and noticing it for entry (which I submit is what most attorneys in her position would have done), with a request for attorney's fees for doing so, Ms. Adler elected to utilize a Rule to Show Cause against Mr. Becker for contempt.

Regardless of the reasonableness of the mechanism, Ms. Adler got the issue before the court so that Mr. Becker could be heard. As noted above, I feel that a sanction requiring Mr. Becker to pay personally Ms. Adler for the five hours of her time is appropriate. The five hours represents the time I feel that Ms. Adler would have reasonably spent to get the order entered as follows:

1. Prepare the order: one hour.
2. Attempt to secure Mr. Becker's endorsement on the order: one hour.

3. Prepare notice and praecipe for entry of the order and court appearance to present order, including travel time between Leesburg and Reston: three hours.

In addition, the order prepared by Ms. Adler is not completely accurate. Neither is the one prepared by Mr. Becker. The order from December 20, 1999, is addressed separately from this opinion. Let Ms. Adler advise me of her hourly rate, and I will prepare and enter an order consistent herewith.